UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELMO VINCENT DANIELS,<br><br>Defendant. | Case No.  3:24-cr-00035-jsc<br><br>**ORDER OF DETENTION PENDING TRIAL** |

## INTRODUCTION

On January 23, 2024, Defendant Elmo Vincent Daniels was charged by indictment with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). This matter came before the Court on February 2, 2024 for a detention hearing, pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*, in compliance with the procedural time requirements set forth therein. The Defendant was present and represented by Assistant Federal Public Defender Daniel Blank. Assistant United States Attorney Roland Chang appeared for the Government. Pretrial Services prepared pre-bail reports. [Dkts. 10-11]. The Government moved for detention and filed a memorandum in support of its motion [Dkt. 8], and the Defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention, and Pretrial Services was present to provide input on the issue as well.

## DISCUSSION

In considering the Government's request for detention, the Court is guided by several general principles. First, at all times the Defendant is entitled to the presumption of innocence.

Nothing that took place in the hearing or that is set forth herein is intended, or should be construed, to affect that presumption. Rather, the purpose of the hearing was to determine whether, notwithstanding that presumption of innocence, the Defendant should be detained pending trial.

Second, "[i]n our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act "carefully limits the circumstances under which detention may be sought to the most serious of crimes." *Id.* at 747 (citing 18 U.S.C. § 3142(f)). Under the Bail Reform Act, a defendant must be released prior to trial unless a judicial officer finds that no conditions or combination of conditions exist which will "reasonably assure" the appearance of the defendant (if the Government seeks detention based on risk of flight), or reasonably assure the safety of any other person in the community (if the Government seeks detention based on the defendant being a danger to the community). The Bail Reform Act requires that the least restrictive conditions be imposed that are necessary to provide those reasonable assurances. If the Court cannot find any conditions that will reasonably assure the appearance of the defendant as required or the safety of the persons in the community, then the Court is required by the Act to order the defendant held in custody.

The Government moved for detention on the grounds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, the Government has the burden of proof by clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of any other person and the community. In a case involving a rebuttable presumption, the burden is on the Government to show that a rebuttable presumption applies. In rebutting a presumption, the burden of production is on the defendant, although that may not be a heavy burden. A presumption may be rebutted using information contained in a Pre-Trial Services Report, for example. Even in cases involving a rebuttable presumption, the burden of persuasion is always on the Government. The present Order supplements the Court's findings and Order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). The

Court hereby further incorporates by reference its reasoning, analysis, and the factors discussed at the hearing on this matter. Applying the applicable legal standards and principles, and based upon the information contained in the Pretrial Services Report, the evidence presented at the hearing, and the arguments of counsel, the Court finds as follows:

**1.** The Government ARGUES that this case involves any of the factors set forth at 18 U.S.C. § 3142(f)(1) as grounds for holding a detention hearing. Accordingly, the Court finds that this case DOES involve a factor or factors set forth at 18 U.S.C. § 3142(f)(1), to wit:

☐ None of the below factors are present.

☐ (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b (g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ (B) an offense for which the maximum sentence is life imprisonment or death;

☐ (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

☐ (D) any felony if the Defendant has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

☒ (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code.

The Court is cognizant that the Ninth Circuit has previously held that, when charged under 18 U.S.C. § 922(g), felon in possession of a firearm is not a crime of violence for purposes of holding a detention hearing under § 3142(f)(1)(A) of the Bail Reform Act. *United States v. Twine*, 344 F.3d 987, 988 (9th Cir. 2003). However, the *Twine* opinion relied on and was constrained by the Ninth Circuit's earlier ruling on this issue in *United States v. Canon*, 993 F.2d 1439 (9th Cir. 1993). The *Canon* opinion was based on an interpretation of "crime of violence" in the U.S. Sentencing

Guidelines. *Id.* at 1441. And more recently, the Ninth Circuit recognized that the Sentencing Guidelines were amended in 2004 to make possession of firearms unlawful, "thus overruling *Canon*." *United States v. Barker*, 689 Fed. App'x 555, 557 (9th Cir. 2017). Moreover, the Adam Walsh Child Protection and Safety Act of 2006 amended the Bail Reform Act to add § 3142(f)(1)(E), which adds to the factors for holding a detention hearing the factor most relevant to the instant case: whether this case involves any felony that is not otherwise a crime of violence that involves the possession of a firearm or destructive device. Thus, this Court holds that, like the Ninth Circuit acknowledged in *Barker* that amendment of the Sentencing Guidelines overruled *Canon*, the 2006 amendment to the Bail Reform Act functionally undermined *Twine* by adding a felony that involves possession of a firearm as a basis for holding a detention hearing. This appears to be an issue of first impression in published opinions in the Ninth Circuit, although it appears that the courts and counsel have understood in practice the reality that the amendment adding § 3142(f)(1)(E) effectively created an end-run around (and thus mooted if not overruled) as a practical matter the *Twine* ruling that felon in possession could not be a basis for holding a detention hearing under § 3142(f)(1)(A). Indeed, at the hearing on this matter, counsel for the Defendant admitted that the statute allows for a detention hearing in this case, although not on the grounds of "crime of violence."

Accordingly, because this case involves a felony that is not otherwise a crime of violence that involves the possession or use of a firearm or destructive device (as those terms are defined in § 921), or any other dangerous weapon, the Court finds that the Government has established sufficient grounds (and Defendant has admitted as such) for holding a detention hearing under § 3142(f)(1)(E).

**2.** The Government DOES NOT ARGUE that this case involves a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2). Accordingly, the Court finds that this case DOES NOT involve a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2), to wit:

4

☒   None of the below factors are present.

☐   All of the following conditions are present:

☐   (A) the Defendant has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

☐   (B) the offense described in subparagraph (A) was committed while the Defendant was on release pending trial for a Federal, State, or local offense; and

☐   (C) a period of not more than five years has elapsed since the date of conviction, or the release of the Defendant from imprisonment, for the offense described in subparagraph (A), whichever is later.

**3.**   The Government DOES NOT ARGUE that this case involves a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(3).  Accordingly, the Court finds that this case DOES NOT involve a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community pursuant to 18 U.S.C. § 3142(e)(3).

**4.**   Upon consideration of the Pretrial Services report, facts, the court file, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  Specifically, the Court finds that there are no conditions or combination of conditions that will reasonably assure the safety of any person and the community, taking into account the available information concerning:

☒   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device – here

5

specifically, the nature and circumstances of the offense charged involve possession of a firearm and ammunition; the Court notes that the Guideline term for sentencing which the Defendant faces is 120 to 150 months, which is far greater than any prior sentence Defendant faced in his previous convictions, and thus gives incentive or motivation for Defendant to abscond and put others in the community at risk to their safety;

☐ (2) the weight of the evidence against the Defendant, which the Court recognizes is the least factor to consider;

☒ (3) the history and characteristics of the Defendant, including—

☒ (A) the Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

Specifically, the 2007 Bail Report indicates that the Defendant has used four birth dates and one alias in the past; the current Bail Report indicates the Defendant admits to daily use of cannabinoids, cocaine, methamphetamines, and Xanax (as well as use of heroin every other week);

Further, the Court takes into consideration the Defendant's past conduct and lengthy criminal history, which include nine felony convictions, including three convictions for violent crimes and two convictions for being a felon in possession of a firearm.  According to the Pre-Bail Report and record check, the Defendant has three prior convictions for domestic violence, including a misdemeanor conviction for assault with a deadly weapon (not firearm) in April 2013.  In addition, the Defendant has committed multiple violations while under probation, parole, or post-release community supervision; and

☐ (B) whether, at the time of the current offense or arrest, the Defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

☒ (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.  Specifically, as noted, the Defendant has exhibited violence in his criminal history multiple times.

6

The Court has considered all the evidence and arguments presented, and has also given due consideration to the recommendation of Pre-Trial Services in this case. The Court notes the conclusion of Pretrial Services that, given the factors stated in its report, the Defendant poses a danger to the community which cannot be reasonably mitigated by a combination of release conditions.

The Court considered whether there are conditions of release which could reasonably assure the safety of others and the community. The Defendant proffered his sister and/or mother as sureties and proposed that he would agree to reside at and receive drug treatment from a residential treatment facility as well as would agree to location monitoring. However, the Court concludes that Defendant's sister and mother serving as sureties would not reasonably assure the safety of any other person and the community. The Defendant has apparently been in contact with his family members regularly, but yet their presence in his life has not served to mitigate or dissuade Defendant from past criminal conduct, including multiple convictions related to domestic assaults. Nor has his family members' presence in his life been sufficient to cause Defendant to seek residential drug treatment at any point during the long time period he admits to having had addiction problems. If, as Defendant now argues, release to a residential treatment facility would be so beneficial to address Defendant's behaviors from the past, there is no explanation why Defendant did not seek residential treatment (or any treatment) at any time before the events leading to the current indictment.

Similarly, while the Court appreciates that Defendant has admitted to long-term substance abuse issues, release of the Defendant to a residential treatment facility even with location monitoring would not be sufficient to reasonably assure the safety of any other person and the community. While Defendant's substance abuse issues may have been contributing factors to his past convictions involving crimes of violence, there is insufficient showing in the record to suggest that drug treatment would alleviate the risk to safety of any other person and the community. For example, there is nothing in the Bail Reports to suggest that Defendant's convictions for domestic abuse were related to his drug use (or that he was intoxicated at the time of the events leading to those convictions). Finally, the Court notes that at the detention hearing the Defendant engaged in

an outburst, raised his voice, took his clothing off, and exhibited uncontrolled emotional reactions. While the Defendant's evident frustration may be understandable on some level, the tone of voice and physicality of the outburst did nothing to advance his able counsel's arguments.

Accordingly, based on the entire record, arguments, and evidence in this matter, the Court finds that the Government HAS met its burden of showing that detention is required based on danger to others or the community. To the extent the Government is relying only on DANGEROUSNESS TO OTHERS OR THE COMMUNITY, the Court makes no findings and expresses no views on the factors not being relied on, pursued, or argued.

These findings are made without prejudice to the Defendant's right to seek review of the Defendant's detention, or to file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

## CONCLUSION

For the reasons stated on the record at the hearing and for the reasons as further stated herein, the Defendant has been ORDERED remanded into the custody of the United States Marshal.

**IT IS SO ORDERED.**

Dated: February 6, 2024

_____
PETER H. KANG
United States Magistrate Judge