UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>        Plaintiff,<br>    v.<br>ELMO VINCENT DANIELS,<br>        Defendant. | Case No. 24-cr-00035-JSC-1<br><br>**ORDER RE: DEFENDANT'S MOTIONS TO DISMISS INDICTMENT**<br><br>Re: Dkt. Nos. 73, 74 |

The United States indicted Mr. Daniels with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Dkt. No. 1.)[1] Now pending before the Court are Mr. Daniels's motions to dismiss the indictment under the Second Amendment and the Commerce Clause. (Dkt. Nos. 73, 74.) Having carefully considered the parties' submissions, and with the benefit of oral argument on December 16, 2025, the Court DENIES Mr. Daniels's motions to dismiss the indictment. Mr. Daniels's arguments are foreclosed by Ninth Circuit authority affirming the constitutionality of section 922(g)(1) under both the Second Amendment and the Commerce Clause.

Mr. Daniels first argues section 922(g)(1) facially violates the Second Amendment in light of the Supreme Court's guidance in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). (Dkt. No. 73.) However, the Ninth Circuit, in an en banc opinion, recently applied *Bruen* and upheld section 922(g)(1)'s constitutionality as applied to all felons. *See United States v. Duarte*, 137 F.4th 743, 761-62 (9th Cir. 2025). Mr. Daniels contends *Duarte* "fails to reach the appropriate conclusion based on text and history," (Dkt. No. 73 at 2), but *Duarte* is binding on this

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Court.  So, the Court DENIES Mr. Daniels's motion to dismiss the indictment on the grounds
2  section 922(g)(1) facially violates the Second Amendment.
3      Mr. Daniels also argues section 922(g)(1) exceeds Congress's authority under the
4  Commerce Clause.  (Dkt. No. 74.)  The Ninth Circuit has "repeatedly upheld § 922(g), both
5  facially and as applied, in the face of Commerce Clause challenges."  *United States v. Latu*, 479
6  F.3d 1153, 1156 (9th Cir. 2007) (explaining "[u]nlike the statutes at issue in *Lopez* and *Morrison*,
7  § 922(g) contains a jurisdictional element, specifically requiring that [the defendant's] possession
8  be 'in or affecting commerce'").  *Latu* remains binding precedent in the Ninth Circuit.  *See United*
9  *States v. Ryan*, No. 24-2529, 2025 WL 2017468, at *1 n.1 (9th Cir. July 18, 2025) ("Congress did
10 not exceed its Commerce Clause authority in enacting [§ 922(g)(1)]." (citing *Latu*, 479 F.3d at
11 1156)).  So, the Court DENIES Mr. Daniels's motion to dismiss the indictment on the grounds
12 section 922(g)(1) exceeds Congress's authority under the Commerce Clause.
13     This Order disposes of Docket Nos. 73 and 74.
14     **IT IS SO ORDERED.**
15 Dated: December 16, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge