JODI LINKER
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:     (415) 436-7700
Facsimile:      (415) 436-7706
Email:           Daniel_Blank@fd.org

Counsel for Defendant DANIELS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELMO VINCENT DANIELS, <br><br> Defendant. | **Case No.:** CR 24–0035 JSC <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> **Court:**   **Hon. Jacqueline Scott Corley** <br> **Date:**    March 18, 2026 <br> **Time:**    10:00 a.m. |

**ARGUMENT**

Defendant Elmo Vincent Daniels has been in continuous custody on the instant offense of felon firearm possession since his arrest by the SFPD on November 11, 2023. During that extended period of over 30 months in the limited confines of the county jail, Mr. Daniels has gained valuable insight into the causes of his misconduct and how to prevent anything like it from happening in the future. Accordingly, it is respectfully submitted that, based upon a combination of factors under 18 U.S.C. § 3553(a), the Court should sentence Mr. Daniels to a term of imprisonment of 60 months, to be followed by three years supervised release.

The U.S. Probation Officer calculates the advisory guideline in this case to be 92 to 115 months, after crediting Mr. Daniels with a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). As noted in the Presentence Report, following the denial of his motion to suppress, Mr. Daniels "participated in a bench trial for the sole purpose of retaining his appellate rights, and he did not contest factual guilt." PSR ¶ 20. The Court will recall that a bench trial was convened because the government withheld its consent for Mr. Daniels to enter a conditional guilty plea under Federal Rule of Criminal Procedure 11(a)(2), which would have preserved his right to appeal the denial of the suppression motion while at the same time qualifying him for an additional one-point reduction in his offense level under § 3E1.1(b), resulting in an advisory guideline range of 84 to 105 months. The Court can and should account for this discrepancy with a downward variance under § 3553(a) in combination with the other factors discussed below.

At the time of the offense on November 11, 2023, Mr. Daniels was suffering from untreated Post-Traumatic Stress Disorder which he was self-medicating with controlled substances. PSR ¶ 77. His PTSD-related fearfulness, exacerbated by substance abuse, caused him to keep a firearm in his vehicle for protection, even though he knew he was not allowed to possess one. *See id.* Despite these serious problems, Mr. Daniels was nevertheless serving as a productive member of society. Specifically, Mr. Daniels had then been employed for approximately one year as a desk clerk for the Tenderloin Housing Clinic. PSR ¶ 82.  In fact, it was while driving to work there that he was pulled over for an expired vehicle registration, a minor infraction that can no longer serve as the basis for a traffic stop in San Francisco. *See id.* ¶ 5; *see also* SFPD General Order 9.07 (eff. July 17, 2024).

Since his arrest in 2023, Mr. Daniels has remained in continuous custody at the county jail. The extended 30-month period that he has already served has been harder than the equivalent time served in BOP custody, due to the reduced privileges and comforts in the county jail. Nevertheless, Mr. Daniels has taken advantage of what programming was available to him and he has gained valuable insights into the causes of his PTSD—including being the victim of repeated sexual and physical abuse—and how to treat his condition without the use of controlled substances, which ultimately only exacerbates his fearfulness. PSR ¶¶ 71-72, 76, 81 (verifying completion of classes in substance abuse, gardening, computers, and rhythm and healing). Due to the extraordinary period of time in custody since his arrest and how he has used it, it is fair to say that Mr. Daniels is no longer the same person that he was at the time of his misconduct in this case.

In recognition of this fact, a psychological evaluation provided to the government, Probation and the Court has indicated that, while the challenges facing Mr. Daniels are serious, they can be successfully managed by building on his demonstrated work ethic and desire to meaningfully contribute to society with the kind of dual diagnosis mental treatment that he has never received despite his many contacts with the criminal justice system over the years. PSR ¶¶ 77-78. Accordingly, even if some additional period in custody may be warranted for deterrence, the extended period of incarceration reflected in the advisory guideline range clearly is not. Instead, it is respectfully submitted that a sentence of 60 months imprisonment strikes the right balance of the factors under § 3553(a).

During his term of supervised release to follow, a dual-diagnosis mental health treatment program addressing the root causes of his PTSD, and not just the symptom of substance abuse, should be established as a condition. Mr. Daniels has also indicated that, upon his release from custody, he intends to resettle outside the Bay Area in order the minimize the stressors of his old life here that contributed to his criminal conduct. *See* PSR ¶ 74. Mr. Daniels hopes to attend culinary school and become a chef, and also to spend time with his children. *See id.* This release plan will help support the sincere desire of Mr. Daniels to continue his progress toward making a positive life for himself.

/ / /

# CONCLUSION

For the aforementioned reasons, the Court should sentence Mr. Daniels to a term of imprisonment of 60 months to be followed by three years supervised release with a condition of dual diagnosis mental health treatment.

Dated:      March 11, 2026                    Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

                                             /S
DANIEL P. BLANK
Senior Litigator